John S. Purcell (SBN 158969)
Lynn R. Fiorentino (SBN 22691)
Douglas E. Hewlett, Jr. (SBN 293438)
**ARENTFOX SCHIFF LLP**
555 West Fifth Street, 48th Floor
Los Angeles, California 90013-1065
Telephone: 213.629.7400
Facsimile:  213.629.7401
Email:   john.purcell@afslaw.com
         lynn.fiorentino@afslaw.com
         douglas.hewlett@afslaw.com

Attorneys for Boscov's, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE CODY, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>BOSCOV'S, INC.,<br><br>　　　　　Defendant. | Case No.  22-CV-01434-DOC-ADS<br><br>**CLASS ACTION**<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br><br>Date:　　　　　November 7, 2022<br>Time:　　　　　8:30 a.m.<br>Judge:　　　　　Hon. David O. Carter<br>Courtroom:　　　10A |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 8:22-cv-01434-DOC-ADS

- 1 -

DEF.'S REPLY ISO MOTION TO DISMISS

AFDOCS:26399716.1

**INTRODUCTION**

In her Opposition, Plaintiff does not dispute that she has been deliberately generating lawsuits by voluntarily communicating with companies through their website chat services, and then claiming her "privacy" was somehow violated by chatting with strangers over the public Internet.  In fact, she celebrates this ploy, asserting that she is "a privacy advocate and litigation 'tester' who works to ensure that companies abide by California's privacy obligations." Opp. at 11. Remarkably, her counsel actually compares Plaintiff to civil rights icon Rosa Parks – as if attempting to shake down companies for hundreds of thousands of dollars for offering an option to chat with a customer service representative is in ***any*** way analogous to the Civil Rights Movement.  *Id.*

Needless to say, it's not.  This case is not even comparable to the *unpublished* Ninth Circuit decision that admittedly serves as the springboard for this new litigation scheme: *Javier v. Assurance IQ, LLC*, 2022 WL 1744107 (9th Cir. May 31, 2022).  Right out of the gate, Plaintiff's Opposition is built on a foundation of demonstrable falsehoods related to this decision, *to wit*: that (1) the "Ninth Circuit ruled that the conduct alleged here plainly violates" CIPA, (2) the panel "impos[ed] liability for materially identical conduct," and (3) Boscov's motion somehow "relies on cases that were abrogated by" *Javier*.  Opp. at 1.

In reality, the ***only*** issue *Javier* confronted was whether "retroactive consent is valid under Section 631(a)" – which has absolutely no bearing on Boscov's motion. *Javier*, 2022 WL 1744107 at *1. The panel also expressly held that "[b]ecause they were not reached by the district court, we also do not reach Defendants' other arguments," and remanded the case back to the district court to proceed according to its very limited holding.  *Id.* at 2.  Simply put, no wiretapping violation was ever found, and no liability was imposed.  Further, the panel was "predict[ing] whether the California Supreme Court would interpret Section 631(a) to require prior consent."  *Id.* at 1.  It is therefore impossible that any cases were "abrogated by the

Ninth Circuit" as claimed by Plaintiff, let alone ones relied on by Boscov's, because the panel was deciding an issue of *first impression*. Finally, as an unpublished decision, *Javier* has no precedential value under Ninth Circuit Rule 36-3, making it doubly impossible that this decision abrogates anything.

In short, one would be hard pressed to misrepresent more aspects of a two-page order. To do it all on the first page of Plaintiff's Opposition, *and* for a decision that is the fountainhead of Plaintiff's manufactured claims should end the Court's inquiry. Ultimately, Plaintiff's Amended Complaint, just like the thirty carbon copies Mr. Ferrell has filed against other unlucky businesses *so far*, is a hodgepodge of conclusory allegations parroting a *Javier* decision that only exists in Plaintiff's imagination. For this and the reasons that follow, Boscov's respectfully requests that Plaintiff's claims be dismissed with prejudice.

## ARGUMENT

**I.    Boscov's Cannot "Wiretap" Its Own Website, Nor Can It Aid And Abet Conclusory Allegations Of "Eavesdropping" On Its Own Behalf.**

### A.    The Contours Of Section 631

Boscov's established that CIPA Section 631, as interpreted by the California Supreme Court, protects against three specific acts: (1) wiretapping, (2) eavesdropping on communications in transit, or (3) using or communicating information obtained unlawfully through the first two acts. Mot. at 4-5. Further, with respect to unlawful eavesdropping of communications in transit, Section 631 consistently "has been held to apply only to eavesdropping by a third party and not to recording by a participant to a conversation." *Id.* (citing *Warden v. Kahn*, 99 Cal. App. 3d 805, 811 (Ct. App. 1979)).

For ease of reference, Boscov's provides below a chart with Section 631's statutory text next to the California Supreme Court's interpretation of the corresponding provision:

| **Section 631 Statutory Text**[1] | **Cal. Supreme Court Shorthand** [2] |
|---|---|
| Any person who, by means of any machine, instrument, or contrivance, or in any other manner, intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system, | (1) intentional wiretapping, |
| or who willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is **in transit** or passing over any wire, line, or cable, or is being sent from, or received at any place within this state; | (2) willfully attempting to learn the contents or meaning of a communication in transit over a wire, |
| or who uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any | (3) attempting to use or communicate information obtained as a result of engaging in either of the two |

---

[1]    Cal. Penal Code 631(a) (emphasis added).
[2]    *Tavernetti v. Superior Court*, 22 Cal.3d 187, 192 (1978)).

Arent Fox LLP
Attorneys At Law
Los Angeles

AFDOCS:26399716.1

| information so obtained, or who aids, agrees with, employs, or conspires with any person or persons **to *unlawfully do***, or permit, or cause to be done **any of the acts or things mentioned above in this section** | previous activities. |
| --- | --- |

As further detailed below, while the text of Section 631 is hardly a model of clarity, with the aid of the California Supreme Court's interpretive guidance, it is clear that Boscov's cannot be in violation of Section 631 here.

First, Boscov's is admittedly not tapping any telegraph or telephone lines, a necessary element of "intentional wiretapping" under Section 631.

Second, Boscov's *legally cannot* violate the direct eavesdropping prohibition as a party to the conversation.

And third, by extension, Boscov's cannot aid and abet a *non-violation* of the statute – purportedly "eavesdropping" *on Boscov's behalf*. Boscov's is necessarily authorized to use the information *Plaintiff herself wrote* on Boscov's own website. Indeed, in the California Supreme Court's own words, Boscov's cannot be "attempting to use or communicate information obtained as a result of engaging **in either of the two previous activities**."[3] Ultimately, Plaintiff's theory that Boscov's is somehow aiding and abetting eavesdropping is a circle to nowhere – because it all comes back to the fact that Boscov's **is not, and cannot,** be in violation of the *two previous activities* – wiretapping or eavesdropping on its own conversations.

### B.   Plaintiff Misrepresents Boscov's Wiretapping Argument.

Plaintiff asserts that "Defendant first claims – without authority – that section 631(a) does not apply to the internet communications at issue. [Citation needed]." Opp. at 3. But that is not what Boscov's claimed. Rather, what Boscov's specifically

---

[3]   *Tavernetti*, 22 Cal.3d at 192 (emphasis added).

argued is that Plaintiff's *wiretapping* accusation[4] – act one of three above – is meritless because a violation of that clause of Section 631 is expressly, and exclusively, tied to the tapping of telegraph or telephone wires. *See* Mot. at 9 ("Per the plain language of Section 631, however, the 'wiretapping' conduct that is actually prohibited is 'intentionally tap[ping]' or 'mak[ing] any unauthorized connection' with 'any telegraph or telephone wire, line, cable, or instrument.'"). That is not this case.

Accordingly, Plaintiff's claim that Boscov's is "wiretapping" its own website is fundamentally meritless based on the plain language of Section 631.

## C.   Boscov's Cannot Aid And Abet "Eavesdropping" On Its Behalf By Third Party Service Providers.

Boscov's demonstrated that as a party to the communication, it is legally impossible that it could have secretly eavesdropped on any possible conversation with Plaintiff as a party to the communication. Mot. at 4, 9 (citing, *e.g.*, *Warden*, 99 Cal.App.3d at 811 ("[S]ection 631 ... has been held to apply **only** to eavesdropping by a third party and not to recording by a participant to a conversation.") (emphasis added)). In fact, Boscov's highlighted the well-reasoned decision *Powell v. Union Pac. R.R. Co.,* 864 F. Supp. 2d 949, 955 (E.D. Cal. 2012), which followed this California state court precedent by ruling that Section 631, **in its entirety**, applies **only** to "third party actions and therefore, as a party to the call, he **cannot be liable as a matter of law**," and by extension, a party to a conversation **cannot "be liable** for aiding or conspiring with a third party to enable that party to listen in on the call." Indeed, as noted above, this outcome must follow the California Supreme Court's interpretation of the third prong of Section 631(a); that is, "attempting to use or

---

[4]   *See* Am. Compl. ¶ 11 ("To enable the ***wiretapping***, Defendant has covertly embedded code into its chat feature that automatically records and creates transcripts of all such private conversations."). Leaving aside that these allegations are legally irrelevant to actual wiretapping, it is a fundamentally silly accusation as it relates to software code. If someone can *overtly* see the source code on your website, you are doing it wrong.

communicate information obtained as a result of engaging in either of the two previous activities." Again, a party to a communication cannot be "engaging in either of the two previous activities" as a matter of law, and therefore this third prong can *only* apply to third parties.

As Boscov's predicted, however, Mot. at 11, Plaintiff cited to a distinguishable and problematic line of federal cases that misinterpret the California Supreme Court's decision in *Ribas v. Clark*, 38 Cal. 3d 355 (1985). *See* Opp. at 4-7. As Plaintiff herself recounts, the question the Court confronted in *Ribas* was whether a *third party* divorce lawyer could be liable for listening in on a conversation on a separate line at his client's direction. *Id.* at 358. The issue of whether the *client wife* could be liable for "aiding and abetting" the eavesdropping was *never* discussed. On the contrary, the Court expressly held that "Section 631 was aimed at **one aspect** of the privacy problem—eavesdropping, or the secret monitoring of conversations **by third parties**." *Id.* at 359 (citing *Rogers v. Ulrich,* 52 Cal.App.3d 894, 899 (1975)). It never even occurred to the California Supreme Court to analyze whether the wife could be liable given the exclusive focus of the statute on third parties – which should be the real takeaway *here*.

Thus, there is no reasonable basis to assert that *Ribas* in any way supports holding a party to a conversation liable for anything under Section 631.[5] Indeed, Plaintiff does not even try to explain how Boscov's could possibly be "attempting to use or communicate information obtained as a result of engaging in either" wiretapping or unlawful eavesdropping. That is because Boscov's *cannot* be using

---

[5]   With due respect to the other courts reading too much into *Ribas*, they are making the basic error of extrapolating precedent from an issue that was never analyzed. *See Sethy v. Alameda Cnty. Water Dist.*, 545 F.2d 1157, 1160 (9th Cir. 1976) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents."); *accord*, *Soyka v. Alldredge*, 481 F.2d 303, 306 (3d Cir. 1973); *See also United States v. Estrada-Iglesias*, 425 F. Supp. 3d 1265, 1272 (D. Nev. 2019) ("decisions are not binding precedent on points not discussed in the decision.").

1    information obtained through eavesdropping when it is a party to the communication.

2        *Ribas* and the other cases Plaintiff relies on are further distinguishable because

3    the third parties at issue were not the *service provider* through which the

4    communications service at issue was provided.[6]  Here, Kustomer is the provider of

5    the chat service by which *Plaintiff* allegedly wrote communications on Boscov's

6    website.  Indeed, Plaintiff tries to run away from her allegation that the chat service

7    provider(s) were "acting as an agent and/or employee" for Boscov's and was "acting

8    within the course and scope of said agency" at all relevant times.  Am. Compl. ¶ 7.

9    And everything they were allegedly doing was "for the benefit of" *Boscov's*.  *Id.* ¶¶

10   9, 12.

11       Plaintiff attempts to obfuscate these fatal concessions by asserting that she also

12   alleged that Kustomer is an "independent, third-party" company.  Opp. at 5.  But this

13   is silly.  What agent *isn't* a third party?  If it wasn't, it would be the principal.

14   Ultimately, the logical conclusion of Plaintiff's position is that a company would

15   need to build its own Internet not to "aid and abet" eavesdropping.  It is a simple fact

16   of modern communication services that independent third-party technology

17   providers will necessarily be involved.  Indeed, Plaintiff's counsel had absolutely no

18   response to Boscov's question as to how *he* is not aiding and abetting

19   "eavesdropping" by hiring a third party to review and scan emails in transit under his

20   own apparent view of CIPA.  *See* Mot. at 13 n.12.

21       Further, Plaintiff ironically goes outside her Amended Complaint to cite

22   Kustomer's legal terms on its website for the irrelevant proposition that Kustomer is

23   _____

24   [6]     In contrast, the third party in *Nike*, *Lululemon*, and *Moosejaw* was a company
     that would record every aspect of a consumers interaction with a website, such as

25   "(a) The user's mouse clicks; (b) The user's keystrokes; (c) The user's payment card
     information, including card number, expiration date, and CVV code; (d) The user's

26   IP address; (e) The user's location at the time of the visit; and (f) The user's browser

27   type and the operating system on their devices."  *Saleh v. Nike, Inc*., 562 F. Supp. 3d
     503, 509 (C.D. Cal. 2021).

28

an independent party from Boscov's.  Opp. at 5. But what Plaintiff fails to mention is that Kustomer makes clear in these same terms that as part of providing the underlying communication service at issue, it has access to the data provided by Boscov's or website visitors communicating with Boscov's "solely as necessary for us to provide the Platform in accordance with the terms and conditions of these Terms and any Order."[7]  And one of these conditions is that Kustomer will "comply with all applicable state, federal and international laws, regulations, notices, and guidelines relating to information privacy (collectively, 'Data Privacy Laws')" – expressly including California privacy law.[8]

In reality, there is thus absolutely no evidentiary support for Plaintiff's allegations that Kustomer is "eavesdropping" on anything.  And there never will be. From top to bottom, this case is legally and factually meritless.  Plaintiff and her counsel appear to believe that if they conclusorily allege the word "eavesdropping" enough times, they can criminalize all modern communications services as "wiretapping" under a 1967 law.  The Court should decline this invitation, as there is no basis do so against Boscov's under fifty years of CIPA precedent.

## II.    Plaintiff's Amended Complaint Is An Exercise In Conclusory Pleading.

Boscov's demonstrated that Plaintiff's claims should be independently dismissed on the ground that Plaintiff's cookie-cutter complaint[9] contains, at best,

---

[7]    *See* Kustomer's Terms of Service cited by Plaintiff, located at https://www.kustomer.com/legal/terms/.

[8]    *Id.*

[9]    Since July, Mr. Ferrell has filed at least 30 cut-and-paste CIPA class action complaints related to website chat services on behalf of 4 separate individuals, including 6 for this Plaintiff alone.  One would have to be born yesterday to believe that a self-proclaimed "privacy advocate" does not know that California privacy law simply requires companies to "post a conspicuous link" to their privacy policies on their websites to satisfy California's notice requirements.  Cal. Code Regs. tit. 11, § 7012(a)(3)(A) ("When a business collects consumers' personal information online, it may post a conspicuous link to the notice on the introductory page of the business's

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Mot. at 7 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This is particularly the case with respect to the requirements of whether (1) a **private communication** was **secretly** eavesdropped upon by a third party, Mot. at 10-11, and (2) any **interception** of a communication *in transit* occurred. Mot. at 12-14.

### A. Plaintiff's Vague Allegations About Visiting Boscov's Website Are Insufficient To Launch A Statewide Class Action Lawsuit.

Boscov's showed that Plaintiff herself fails to allege that any private conversation protected by Section 631 occurred between her and Boscov's. Mot. at 6. Indeed, even after Plaintiff's Opposition, it is still entirely unclear what exactly Plaintiff allegedly communicated to Boscov's (if anything), and why any such communication with an out-of-state department store over the public Internet should be associated with any reasonable expectation that it was private.[10] Indeed, as

---

website and on all webpages where personal information is collected."). These setup lawsuits are therefore a transparent attempt to penalize companies that are *complying* with the California Consumer Privacy Act in the wake of *Javier*, which again, is an unpublished decision that did not analyze issues of website consent against the actual California law that specifically governs online privacy practices. *Javier* cannot be cited as precedent for good reason. But even then, the panel expressly left open the issue of whether the plaintiff "impliedly consented to the data collection," among other issues. *Javier*, 2022 WL 1744107 at *2. It is impossible to see how someone is *not* impliedly consenting to the "recording" of a website chat session when it is *Plaintiff* doing the actual recording: "Record /rəˈkôrd/, verb. 1. Set down in writing or some other **permanent** form for later reference." Put differently, neither Boscov's nor its third-party service provider Kustomer *recorded* anything – Plaintiff did.

[10] Plaintiff transparently attempts to rewrite her allegations by asserting "she had a private conversation with Defendant … using a smart phone." Opp. at 1 (citing Am. Compl. ¶ 16). But that is **not** what she alleges there, or anywhere else. Rather, she generically claims "Plaintiff **visited Defendant's Website**. … Plaintiff *and* class members use smart phones …, desktop computers, **and/or** wifi-enabled laptops." *Id.* (emphasis added). Thus, Boscov's and the Court are in the dark about what device she actually used to visit Boscov's website (which is a necessary, but not a sufficient,

Boscov's established, both CIPA Sections 630 and 633.5 make clear that CIPA's privacy protections, including Section 631, apply to *confidential* communications. Mot. at 10.

Plaintiff does not address this argument at all, and it should be deemed conceded. *See Kroeger v. Vertex Aerospace LLC*, No. CV 20-3030-JFW(AGRX), 2020 WL 3546086, at *12 (C.D. Cal. June 30, 2020) ("Plaintiff did not address and, thus, concedes Defendants' argument"). [11]   Accordingly, Plaintiff's Amended Complaint should be dismissed on this basis alone.[12]

**B.  Plaintiff's Allegations Regarding "Interception" Are Entirely Conclusory *And* Counterfactual.**

Boscov's also demonstrated that Plaintiff's Section 631 claim should be

---

condition for her Section 632.7 claim), and there is no allegation that *she* specifically communicated with Boscov's.

[11]    *See also Qureshi v. Countrywide Home Loans, Inc.,* No. 09–4198, 2010 WL 841669, at *6 n. 2 (N.D.Cal. Mar. 10.2010) (deeming plaintiff's failure to address, in opposition brief, claims challenged in a motion to dismiss, an "abandonment of those claims") (citing *Jenkins v. County of Riverside,* 398 F.3d 1093, 1095 n. 4 (9th Cir. 2005)); *Sportscare of America, P.C. v. Multiplan, Inc.,* No. 2:10–4414, 2011 WL 589955, at *1 (D.N.J. Feb. 10, 2011) ("In most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue."); *Scott v. City of Phoenix,* No. CV–09–0875–PHX–JAT, 2011 WL 3159166, at *10 (D.Ariz. Jul. 26, 2011) (failure to oppose statute of limitations argument constituted waiver); *In re Online DVD Rental Antitrust Litig.,* No. 09–2029 PJH, 2011 WL 5883772, at *12 (N.D.Cal. Nov. 23, 2011) (absent unusual circumstances, failure to respond to argument on merits "viewed as grounds for waiver or concession of the argument").

[12]    This is not a "gotcha" argument.  Boscov's specifically raised this issue in conjunction with noting that Plaintiff has to establish Article III standing.  Mot. at 10-11.  Article III standing requires a *concrete injury* – and it remains entirely unexplained how Plaintiff was purportedly injured by (perhaps) writing something on an out-of-state department store's website.  There are a lot of problems in the world right now, but having your "privacy" violated by voluntarily chatting with a company's customer service department over the public Internet is not one of them. Simply put, this is not a case that should be clogging the Court's docket.  And this is just the first wave – unless the Court nips this scheme in the bud.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 8:22-cv-01434-DOC-ADS

- 11 -

DEF'S REPLY ISO MOTION TO DISMISS

AFDOCS:26399716.1

1   dismissed on the independent basis that there is not a single non-conclusory
2   allegation supporting that *any* interception of a communication *in transit* occurred –
3   by any entity.  Mot. at 12-13.  In fact, Boscov's detailed a number of decisions in
4   which much more detailed claims of purported "interception" were dismissed at the
5   pleadings stage, including in this District.  *Id.* (citing, *e.g.*, *In re Vizio, Inc., Consumer*
6   *Priv. Litig.*, 238 F. Supp. 3d 1204, 1228 (C.D. Cal. 2017).

7        *Vizio* deserves to be emphasized again, because it is clear that Plaintiff is
8   avoiding it for a reason.  There, in a discussion directly on point, the court ruled in
9   dismissing the plaintiff's interception claim that:

10       Besides their **conclusory allegation** that Vizio intercepted their
11       electronic communications "**during transmission**", Plaintiffs rely on a
12       rather inscrutable graphic with no textual explanation and **vague**
13       **allegations** about how Vizio's data collection occurs "**in real time**".
14       While Plaintiffs need not prove their theory of interception on a motion
15       to dismiss, Plaintiffs **must provide fair notice to Defendants** of when
16       they believe Vizio intercepts their communications.

17  *In re Vizio,* 238 F. Supp. 3d at 1228 (emphasis added, internal citations
18  omitted).

19       Plaintiff's *only* "rebuttal" to this argument is that "the FAC clearly alleges that
20  Defendant 'paid Webex and Kustomer to secretly *intercept in real time*, eavesdrop
21  upon, and store transcripts of Defendant's chat communications."  Opp. at 9
22  (emphasis in original).  Plaintiff's counterpoint is effectively "you can see that we
23  wrote 'in real time,' and now it's bolded!"  This is not a serious argument.  In fact, it
24  proves Boscov's point: every aspect of the Amended Complaint is conclusory,
25  including on this dispositive issue.

26       Moreover, Plaintiff attempts to use the decision *Adler v. Community.com, Inc.*
27  to support her view that Section 632.7 can somehow apply to telephone-to-website
28  communications – an issue that was **not even discussed in this opinion**, let alone

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 8:22-cv-01434-DOC-ADS

- 12 -

DEF'S REPLY ISO MOTION TO DISMISS

AFDOCS:26399716.1

decided.  Relevant here, however, Plaintiff's counsel presumably did not review the court's decision related to interception under Section 631 – because it is fatal to Plaintiff's eavesdropping claim.  *Adler*, No. 2:21-CV-02416-SB-JPR, 2021 WL 4805435, at *3 (C.D. Cal. Aug. 2, 2021). Indeed, the court dismissed Plaintiff's Section 631 claim **with prejudice** because the two text messages at issue were received at the destination address.  *Id.* at 4 ("Plaintiffs sent text messages to a celebrity's Community number, and the device paired with that number 'received the information, **effectively completing the communication**.'") (emphasis added).

This case is no different.  Plaintiff is communicating *on* Boscov's website. That is *the* destination.  The communication is complete when it is received there. Indeed, as Boscov's highlighted in its Motion, the Ninth Circuit has specifically held that intercepting a communication means to "to stop, seize, or interrupt in progress or course **before arrival**."  *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002) (emphasis added); *see also Rogers v. Ulrich*, 52 Cal. App. 3d 894, 897 (1975) ("a recording made by a participant does not intercept the message while it is in transit; the recording rather transcribes the message as it is being received."). There is no allegation, plausible or otherwise, that Boscov's, or any other entity, is acquiring any communications *before* they arrive on Boscov's website.  Here too, Plaintiff fails to address this argument and this authority.  That should end the inquiry – Plaintiff has effectively conceded there is no interception of a communication in transit.

At bottom, as Boscov's thoroughly analyzed in its opening brief, this is nothing more than a Section 632 complaint dressed up as Section 631 "interception" claim. Mot. at 13-14.  Any "recording" – which would have been done by Plaintiff herself, if at all – occurred at the end point of the communication.  Even the cases cited by Plaintiff support that this fact precludes any interception of a communication *in transit*.  Because no party disagrees that the communications, if any, were occurring at the destination website, Plaintiff's Section 631 claim should be dismissed with prejudice, just as in *Adler*.

1    **III.    Section 632.7 Cannot Apply To Website Chat Services.**

2    Boscov's established that the plain language of Section 632.7, and the case law

3    interpreting this provision, clearly require that the "communication must have a

4    cellular radio or cordless telephone **on one side**, and a cellular radio, cordless, or

5    landline telephone **on the other side**."  Mot. at 5-6, 14-15 (citing *Montantes v.*

6    *Inventure Foods*, No. CV-14-1128-MWF RZX, 2014 WL 3305578, at *4 (C.D. Cal.

7    July 2, 2014) (emphasis added).  In other words, Section 632.7 only applies if there

8    are two telephones on each side of a communication, and particular telephones at

9    that.

10   Curiously, Plaintiff argues that "Defendant only recites the language of the

11   statute." Opp. at 9-10.  Clearly, Plaintiff's counsel did not read Boscov's motion and

12   the case law cited therein, including the *Montantes* decision from this District that

13   breaks down Section 632.7 in detail.  It is not even clear that Plaintiff's counsel read

14   the cases *he cited* for the proposition that "Section 632.7 prohibits undisclosed

15   recording when one of the parties is using a cellular telephone.  *Smith v. LoanMe,*

16   *Inc.*, 11 Cal. 5th 183 (2021)."  As the California Supreme Court held in *LoanMe*,

17   however, "[u]nder Penal Code section 632.7…, it is a crime when a person 'without

18   the consent of all parties to a communication, intercepts or receives and intentionally

19   records, or assists in the interception or reception and intentional recordation of, a

20   communication transmitted **between**' a cellular or cordless telephone **and another**

21   **telephone**." *Id.* at 187 (emphasis added).  This is the **first sentence** of the decision.

22   Simply put, Boscov's website is not a telephone.  Plaintiff's attempt to write

23   out half of the statutory requirements from Section 632.7 is never going to change

24   this fact. If this is not a legally frivolous claim, it is difficult to see what claim could

25   be.  Plaintiff's Section 632.7 claim should be dismissed with prejudice.

26   ///

27   ///

28

1

<u>**Conclusion**</u>[13]

2       For the foregoing reasons, Defendant respectfully requests that Plaintiff's

3   Complaint be dismissed in its entirety with prejudice.

4

5   Dated:  October 24, 2022                    **ARENTFOX SCHIFF LLP**

6

7                                        By:    _/s/ Lynn R. Fiorentino_____
                                              JOHN S. PURCELL
8                                              LYNN R. FIORENTINO
                                              DOUGLAS E. HEWLETT, JR.
9                                              Attorneys for Boscov's, Inc.

10

11

12

13

14

15

16

17

_____

18   [13]    Boscov's is reluctant to waste any ink addressing Mr. Ferrell's request that
19   undersigned counsel be "sternly" admonished to "avoid allusions to violence" and
     reminded of their "civility and professionalism obligations."  Opp. at 1. Perhaps Mr.
20   Ferrell's sanctimony wouldn't ring so hollow if he had not accused the other side of
21   "engag[ing] in mobster-style tactics," "using fear and intimidation to coerce false
     confessions," "creating fraudulent websites," and of filing "outright lies"– all on the
22   first page of an unsuccessful motion to dismiss he filed in the multi-year RICO
23   lawsuit lodged against him and his "former" firm. *See, e.g., Nat.-Immunogenics
     Corp. v. Newport Trial Grp*., No. SACV152034JVSJCGX, Dkt. No. 43 at 1.  At
24   bottom, no reasonable person would think undersigned counsel was "inciting
25   violence" by (accurately, if figuratively) stating that Mr. Ferrell is "carpet bombing"
26   businesses across the country with the same form demand letter.  Nor would anyone
     seriously believe Boscov's request to put Plaintiff's clearly frivolous Section 632.7
27   claim out of its misery was anything other than a rhetorical flourish.  Suffice it say,
28   the best way to prevent accusations of manufacturing lawsuits is to stop
     manufacturing lawsuits, not by changing your firm name.

| | |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 | I, Natalie Moore, declare: |
| 3 | I am a citizen of the United States and employed in  County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My |
| 4 | business address is 44 Montgomery Street, 38th Floor, San Francisco, California 94104. |
| 5 | |
| 6 | On October 24, 2022, I electronically filed the attached document: |
| 7 | • **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| 8 | with the Clerk of the court using the CM/ECF system which will then send a notification of such filing to the following: |
| 9 | ***Please see attached Service List.*** |
| 10 | I declare that I am employed in the office of a member of the bar of this court |
| 11 | at whose direction the service was made. |
| 12 | Executed on October 24, 2022, at San Francisco, California. |
| 13 | |
| 14 | /s/ Natalie Moore |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW
SAN FRANCISCO

AFDOCS:26320871.1

PROOF OF SERVICE

1

Service List

2

3     Scott J Ferrell
      Pacific Trial Attorneys APC
4     4100 Newport Place Drive Suite 800
      Newport Beach, CA 92660
5     Phone:   949-706-6464
      Fax:     949-706-6469
6     Email:   sferrell@pacifictrialattorneys.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28