SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
P. CRAIG CARDON, Cal. Bar No. 168646
JAY T. RAMSEY, Cal. Bar No. 273160
GIAN A. RYAN, Cal. Bar No. 334599
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:  310.228.3700
Facsimile:   310.228.3701
Email:         ccardon@sheppardmullin.com
                   jramsey@sheppardmullin.com
                   gryan@sheppardmullin.com

Attorneys for *Amicus Curiae*, Retail Litigation Center, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE CODY, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>BOSCOVS, INC., a Pennsylvania corporation; and DOES 1 through 25, inclusive,<br><br>                    Defendants. | Case No. 8:22-cv-01434-DOC-ADS<br><br>**RETAIL LITIGATION CENTER, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF AMICUS BRIEF FILED IN SUPPORT OF DEFENDANT BOSCOV'S, INC.'S MOTION TO DISMISS**<br><br>Judge:  The Hon. David O. Carter |

SMRH:4866-1639-1742.1                                              -1-

## I. INTRODUCTION

Pursuant to Federal Rule of Evidence 201, *Amicus Curiae*, The Retail Litigation Center, Inc. (the "RLC"), asks this Court to take judicial notice of the following documents in connection with the RLC's *Amicus* Brief In Support of Defendant Boscov's. Inc.'s Motion To Dismiss, submitted concurrently herewith:

1. Statement For The Floor on Assembly Bill 860 Relating to Invasions of Privacy (May 2, 1967), a true and correct copy of which is attached as Exhibit A-1.

2. Statement of Assembly Speaker Jesse M. Unruh before the Senate Committee on Judiciary on Assembly Bill 360 Relating to Invasions of Privacy (June 8, 1967), a true and correct copy of which is attached as Exhibit A-2.

3. Statement of Assembly Speaker Jesse M. Unruh Relative to Assembly Bill 860 (A Bill to Curb Invasions of Privacy) (March 14, 1967), a true and correct copy of which is attached as Exhibit A-3.

4. Case Appendix of Complaints filed by Plaintiff's attorney Scott Ferrell alleging that the chat function on each business website violates the California Invasion of Privacy Act ("CIPA"). This appendix is attached as Exhibit B.

## II. JUDICIAL NOTICE IS PROPER

A matter that is properly the subject of judicial notice may be considered along with the complaint when deciding a motion to dismiss. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."). The above legislative information concerning CIPA is judicially noticeable under Rule 201(b). In fact, courts have routinely taken judicial notice of legislative history of state statutes in the Ninth Circuit. *See Chaker v. Crogan*, 428 F.3d 1215, 1223 n.8 (9th Cir. 2005) (taking judicial notice of California statute's legislative history); *Louis v. McCormick & Schmick Rest. Corp.*, 460 F. Supp. 2d 1153, 1155 n.4 (C.D. Cal. 2006) ("Under Rule 201 of the Federal Rules of Evidence, the court may take judicial notice of the records of state courts, the

legislative history of state statutes, and the records of state administrative agencies."); *see also Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012) ("Legislative history is properly a subject of judicial notice."); *Stone v. Sysco Corp.*, No. 16-CV-01145-DAD-JLT, 2016 WL 6582598, at *4 (E.D. Cal. Nov. 7, 2016) ("[C]ourt[s] may properly take judicial notice of legislative history, including committee reports.") (citing *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 945 n.2 (9th Cir. 2013)). Thus, Exhibits A-(1-3) should be judicially noticed by the Court.

A court may also "take judicial notice of court filings and other matters of public record" in consideration of a motion to dismiss. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006); *see also United States v. Brugnara*, 856 F.3d 1198, 1209 (9th Cir. 2017) (holding that the Court may take judicial notice of its own records); *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004) (citing *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980)) ("a court may take judicial notice of court records in another case"). The Case Appendix attached as Exhibit B should also be judicially noticed as it contains a record of court filings that illustrate the numerosity of the complaints filed by a small number of plaintiffs and a single plaintiffs' attorney against a large number of online businesses with chat functions.

## III. CONCLUSION

Based on the foregoing, the RLC respectfully requests that the Court take judicial notice of the attached exhibits.

Dated: November 14, 2022  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  */s/ Jay T. Ramsey*
P. CRAIG CARDON
JAY T. RAMSEY
GIAN A. RYAN

*Attorneys for Amicus Curiae*
THE RETAIL LITIGATION CENTER