UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE CODY,<br><br>    Plaintiff,<br><br>  v.<br><br>BOSCOV'S, INC.,<br><br>    Defendant. | Case No. 8:22-cv-01434-SSS-KKx<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [Dkt 13]** |

Plaintiff Annette Cody ("Plaintiff") brings this suit on behalf of herself and a putative class against Defendant Boscov's, Inc. ("Defendant") pursuant to Sections 631(a) and 632.7 of the California Invasion of Privacy Act ("CIPA"). Defendant's motion to dismiss both causes of action has been fully briefed. [Dkt. 13; Dkt. 18; Dkt. 22].[1]

The Court deems the motion appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15.

As set forth below, the Court **GRANTS** Defendant's motion and **GRANTS** Plaintiff leave to amend. Plaintiff is instructed to file a second amended complaint consistent with this order no later than **March 17, 2023**.

## I. BACKGROUND

Defendant is a Pennsylvania corporation operating a chain of department stores. Defendant's website includes a customer chat feature. Plaintiff's suit concerns two functions allegedly embedded in the chat feature. The first allows Defendant to "record[ ] and create[ ] transcripts" of all customer conversations conducted on the chat. The second allows two third-party companies ("Webex" and "Kustomer") to intercept customer chats in "real time" and "store transcripts." [Dkt. 12 at ¶ 11]. Plaintiff represents a proposed class of consumers who have accessed Defendant's website and used the chat feature.

In the operative first amended complaint ("FAC"), Plaintiff asserts two causes of action under Sections 631 and 632.7 of CIPA. These two Sections address wiretapping and eavesdropping, respectively. Under each, she alleges that Defendant is both directly and indirectly liable for its role in assisting

---

[1] The Court cautions the litigants that the insults and personal attacks included in the briefing of this motion is wholly inappropriate and will not be tolerated going forward. The parties are advised to maintain a civil and professional tone in all future filings.

1  Webex and Kustomer in their own violations of these provisions.  Neither
2  Webex nor Kustomer are named as parties to this action.

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint or individual causes of action within it for failure to state a claim upon which relief may be granted.

In evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  Any ambiguities must be resolved in favor of the pleader. *Walling v. Beverly Enters.*, 476 F.2d 393, 396 (9th Cir. 1973).  However, dismissal is appropriate where the court finds that plaintiff has not alleged a cognizable legal theory or does not provide sufficient facts to support that theory.  *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010); *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016).

In accordance with the Federal Rules' liberal pleadings standards, a claimant should be granted leave to amend its pleadings following a successful motion to dismiss unless the Court finds "undue delay, bad faith or dilatory motive on the part of the [nonmoving party], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Sharkey v. O'Neal,* 778 F.3d 767, 774 (9th Cir. 2015), citing *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.  DISCUSSION

**A.    First Cause of Action under Section 631(a).**

Section 631(a) prohibits "intentional wiretapping," "willfully attempting to learn the contents or meaning of a communication in transit over a wire,"

and/or "attempting to use or communicate information obtained as a result of engaging in either of the two previous activities." *In Re Google Assistant Privacy Litigation*, 457 F.Supp.3d 797, 825 (N.D. Cal. 2020).

### i. Direct Liability

The statute exempts from liability any individual or entity who is a "party" to the "communication," so that one participant in a conversation cannot be held to have wiretapped another. *Davis v. Facebook, Inc.*, 956 F.3d 589, 607 (9th Cir. 2020).

Defendant was a party to the customer chats at issue in Plaintiff's complaint. Thus, under this well-established "party exception", Plaintiff's claim that Defendant is directly liable for wiretapping fails and amendment would be futile. [Dkt. 12 at ¶ 28]; *see Saleh v. Nike, Inc.*, 562 F.Supp.3d 503, 519 (C.D. Cal. 2021).

As such, the Court **DISMISSES WITH PREJUDICE** Plaintiff's cause of action for direct liability pursuant to Section 631(a).

### ii. Derivative Liability

Alternatively, Plaintiff asserts that Defendant has violated CIPA's wiretap provision by "aid[ing] and abett[ing]…third parties [Webex and Kustomer] to eavesdrop upon [customer] conversations." [Dkt. 12 at ¶ 28].

Defendant argues that Section 631(a)'s party exception shields them from this claim too. It contends that Webex and Kustomer have merely provided a tool to enable Defendant to record and maintain information about Defendant's own customer conversations. Because there is nothing legally suspect about its own access to this information, Defendant argues, Webex and Kustomer have not themselves violated this wiretapping prohibition. And without any such underlying wrongdoing, Defendant cannot be found derivatively liable. [Dkt. 14 at 12].

The Court agrees that, in order to plead Defendant's liability for aiding and abetting, she must first adequately plead Webex and Kustomer's underlying violations of the statute. Consistent with the reasoning of cases like *Graham v. Noom, Inc.*, the Court further concludes that in order to establish such violations, Plaintiff must provide facts suggesting that Webex and Kustomer are recording Defendant's customers' information for some use or potential future use beyond simply supplying this information back to Defendant. 533 F. Supp. 3d 823, 832 (N.D. Cal. 2021); *compare to Revitch v. New Moosejaw, LLC*, No. 18-06827, 2019 WL 5485330 at *1-2 (N.D. Cal. Oct. 23, 2019); *Yoon v. Lululemon USA, Inc.*, 549 F.Supp.3d 1073, 1083 (C.D. Cal. 2021).

Here, Plaintiff's sole relevant allegation that Webex and Customer use the code embedded in the chat program to "harvest valuable data from such [customer] communications for the benefit of their clients like Defendant" [Dkt. 12 at ¶ 11] is too vague and conclusory to meet this standard. As such, the Court **DISMISSES** Plaintiff's cause of action for derivative liability under Section 631(a) **WITH LEAVE TO AMEND.**

**B.      Second Cause of Action under Section 632.7.**

Section 632.7 imposes liability on any person who "without the consent of all parties to a communication, intercepts or receives and intentionally records ... a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone."

Because Plaintiff has failed to allege whether she used a smartphone or other device covered by the statute to access Defendant's website, her second cause of action is **DISMISSED.** *See generally McCabe v. Six Continents Hotels, Inc.*, No. 12-4818, 2014 WL 465750 (N.D. Cal. Feb. 3, 2014).

The Court, however, rejects Defendant's argument that, because she cannot allege that *both* parties were using a qualifying telephone device to conduct the customer chats, Plaintiff's claim *necessarily* fails.  Federal courts have generally characterized Section 632.7 as prohibiting "the intentional recording of any communication without the consent of all parties where *one of the parties is using a cellular or cordless telephone*." *McCabe v. Six Continents Hotels, Inc*. 2014 WL 465750 at *3 (N.D. Cal. Feb. 3, 2014) (emphasis added), citing *Zephyr v. Saxon Mortg. Services, Inc*., 873 F.Supp.2d 1223, 1225 (E.D. Cal. 2012); *accord Roberts v. Wyndham Intern., Inc*., No. 12-5180, 2012 WL 6001459 at *4 (N.D. Cal. Nov. 30, 2012); *Kuschner v. Nationwide Credit, Inc*., 256 F.R.D. 684, 688 (E.D. Cal. 2009).

That interpretation comports with the California Supreme Court's discussion of the statute in *Flanagan v. Flanagan*, in which it stated that Section 632.7 prohibited the "intentional interception or recording of a communication involving a cellular phone or a cordless phone." 27 Cal.4th 766, 776 (2002). While this analysis was not central to the Supreme Court's holding in *Flanagan*, the case offers insight into California's understanding of its own laws and is thus entitled to significant weight here.

The Court therefore concludes that the defects it identifies may be cured by amendment, and so **GRANTS** Plaintiff leave to amend her second cause of action.

## IV.  CONCLUSION

As set forth above, the Court **GRANTS** Defendant's motion.

The portion of Plaintiff's first cause of action which alleges Defendant's direct liability under Section 631(a) is **DISMISSED WITH PREJUDICE**.

The portion of Plaintiff's first cause of action which alleges Defendant's liability for aiding and abetting third parties is **DISMISSED WITH LEAVE TO AMEND.**

| | |
|---|---|
| 1 | Plaintiff's second cause of action is **DISMISSED WITH LEAVE TO** |
| 2 | **AMEND.** |
| 3 | Plaintiff may file her second amended complaint on or before March 17, |
| 4 | 2023.  Plaintiff is further **DIRECTED** to file a "redlined" version of her |
| 5 | complaint, identifying all additions and deletions of material, as an appendix to |
| 6 | the amended complaint.  An additional copy of this redlined version must be |
| 7 | provided to Chambers by email at SSS_Chambers@cacd.uscourts.gov on the |
| 8 | same day it is filed electronically. |
| 9 | Defendant must file its responsive pleading on or before March 31, 2023. |
| 10 | **IT IS SO ORDERED.** |
| 12 | Dated: March 2, 2023 |
| 13 | SUNSHINE S. SYKES<br>United States District Judge |