UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE CODY,<br><br>                    Plaintiff,<br><br>     v.<br><br>BOSCOV'S, INC.,<br><br>                    Defendant. | Case No. 8:22-cv-01434-SSS-KKx<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT [Dkt. 50] AND ORDERING PLAINTIFF TO SHOW CAUSE.** |

The Court is in receipt of Defendant Boscov's, Inc.'s motion to dismiss Plaintiff Annette Cody's second amended complaint [Dkt. 48 ("SAC")]. The motion is fully briefed [Dkt. 50 (Mot.); Dkt. 52 (Opp.); Dkt. 53 (Reply)] and was taken under submission without a hearing.

Upon further review of the operative complaint, the Court finds Plaintiff's allegations as to the amount in controversy insufficient to establish subject matter jurisdiction under the Class Action Fairness Act of 2005. The Court therefore **ORDERS** Plaintiff to show cause, on or before **September 15, 2023** as set forth below. In light of this order, Defendant's motion to dismiss is **DENIED WITHOUT PREJUDICE**. [Dkt. 50]. The parties are **DIRECTED** to review Part IV, below, for further instructions.

## I. BACKGROUND

### A. Plaintiff's Causes of Action

Plaintiff's complaint asserts two causes of action under Sections 631(a) and 632.7 of the California Invasion of Privacy Act ("CIPA"). These claims arise from Defendant's purported "interception" and "recording" of a conversation Plaintiff conducted through the customer chat function on Defendant's website. Plaintiff seeks statutory damages on behalf of herself and a putative class comprised of:

> All persons within the state of California who within the statute of limitations period: (1) communicated with Defendant via the chat feature on Defendant's Website; and (2) whose communications were recorded and/or eavesdropped upon without prior consent. [SAC at ¶ 24].

### B. Statutory Damages Under CIPA

Section 632.7(a) provides that "any person who has been injured by a violation of this chapter" may "bring an action against the person who committed the violation for the greater of" either "[f]ive thousand dollars

($5,000) per violation" or "[t]hree times the amount of actual damages, if any, sustained by the plaintiff."

## II. LEGAL STANDARD

Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256, 133 S.Ct. 1059, 185 L.Ed.2d 72 (2013). "The objection that a federal court lacks subject-matter jurisdiction ... may be raised by a party, or by a court on its own initiative, at any stage in the litigation[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006). "It is to be presumed that a cause lies outside [of a federal court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Thus, although Defendant does not discuss subject matter jurisdiction in its motion to dismiss, the Court now raises the issue sua sponte.

Plaintiff alleges subject matter jurisdiction under the Class Action Fairness Act of 2005 (CAFA). [SAC at ¶ 1]. CAFA provides federal district courts with original jurisdiction over class actions in which (1) the class members number at least 100; (2) at least one plaintiff is diverse in citizenship from any defendant, and (3) the aggregate amount in controversy exceeds $5 million exclusive of interests and costs. *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015).

## III. DISCUSSION

Here, Plaintiff contends that subject matter jurisdiction is proper under CAFA because "there are 100 or more Class members," "there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs," and "there is at least minimal diversity because at least one Plaintiff and Defendant are citizens of different states." [SAC at ¶ 1].

As to amount in controversy, Plaintiff asserts:

>If only 1,000 California consumers interreacted with the chat feature on Defendant's Website a single time during the Class period, statutory damages exceed $5,000,000. Upon information and belief, many times that number of consumers have interacted with Defendant's chat feature during the Class period. [*Id.*].

Because Plaintiff relies entirely on statutory damages to satisfy the amount-in-controversy requirement, her ability to establish subject matter jurisdiction depends on the sufficiency of her allegations as to the size of the putative class.

Here, Plaintiff's superficial description of Defendant's business, website, and chat feature [*see* SAC at ¶¶ 5, 6] are insufficient to render plausible her claim that at least 1,000 California consumers visited Defendant's website within the statutory period – let alone that they suffered the purported CIPA violations Plaintiff describes. *See Byars v. Hot Topic, Inc.*, No. 22-1652, 2023 WL 2026994 at *5, 6 (C.D. Cal. Feb. 14, 2023). Absent concrete and particularized allegations as to the quantity and nature of Defendant's online interactions through its chat function with California consumers, the Court cannot conclude that it has subject matter jurisdiction over this action.

## IV. CONCLUSION

As such, the Court **ORDERS** Plaintiff to show cause as to why her complaint should not be dismissed for failure to adequately plead the requisite amount in controversy under CAFA. Plaintiff is **DIRECTED** to file her written response on or before **September 15, 2023**. Defendant may file a memorandum in opposition to Plaintiff's filing on or before **September 22, 2023**. No reply brief will be accepted.

-4-

The Court further **SETS** a hearing regarding the order to show cause for **September 29, 2023** at **1 P.M. via Zoom**.

Defendant's motion to dismiss is **DENIED WITHOUT PREJUDICE**. [Dkt. 50]. Should the Court conclude that Plaintiff's response supports its exercise of jurisdiction over this matter, it will issue a further order setting the deadline by which Defendant may file a renewed responsive pleading.

**IT IS SO ORDERED.**

Dated: August 31, 2023

SUNSHINE S. SYKES
United States District Judge