**PACIFIC TRIAL ATTORNEYS**
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
4100 Newport Place Drive, Suite 800
Newport Beach, California 92660
Telephone: (949) 706-6464
Facsimile: (949) 706-6469

Attorneys for Plaintiff

# UNITED STATE DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE CODY, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br> v.<br><br>BOSCOV'S, INC., a Pennsylvania corporation; and DOES 1 through 25, inclusive,<br><br>     Defendant. | Case No. 8:22-cv-01434-SSS-KK<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S REPLY TO MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED CLASS ACTION COMPLAINT**<br><br>[Declaration of Scott J. Ferrell filed concurrently herewith]<br><br>Date:  December 1, 2023<br>Time:  2:00 p.m.<br>Courtroom: 2<br>Judge:  Hon. Sunshine S. Sykes |

## MEMORANDUM OF POINTS AND AUTHORITIES

On November 17, 2023, Defendant filed a Reply in Support of its Motion to Dismiss Plaintiff's Second Amended Class Action Complaint, which argued in relevant part as follows:

> Defendant respectfully submits this Reply in support of its Motion to Dismiss, which was noticed for a November 24, 2023 hearing.  Plaintiff's Opposition was due on **November 3, 2023** pursuant to L.R. 7-9.  Plaintiff, however, unilaterally attempted to redesignate the hearing to December 1, 2021 in her Opposition filed on November 9, 2023 (Dkt. 64).  The Court's recent Minute Order (Dkt. 65) suggests, but does not expressly rule, that the Opposition was untimely and would not be considered as a result.  Out of an abundance of caution and only to the extent the Court *does* consider Plaintiff's Opposition, Defendant respectfully requests that this Reply also be considered – as it would have been timely relative to Plaintiff's late-filed Opposition and her attempt to redesignate the hearing to December 1, 2023 under L.R. 7-10."

(Reply at n.1; Doc. 66; Page ID #768) (emphasis in original).

Plaintiff construes footnote 1 of Defendant's Reply as a request to strike Plaintiff's Opposition papers filed on November 9, 2023, (Doc. 64), as untimely because it characterizes Plaintiff's Opposition papers as "late-filed."  Plaintiff opposes such request and characterization of Plaintiff's Opposition for the following reasons.

First, on October 27, 2023, Defendant filed its Motion to Dismiss Plaintiff's Third Amended Class Action Complaint ("Defendant's Motion") (Doc. 63), and set such hearing date for November 24, 2023 at 2:00 p.m., despite the fact that such hearing date is a court holiday, which Defendant either knew or should have known at the time that it filed Defendant's Motion by reviewing the Court's website, which clearly disclosed the fact that November 24, 2023 is treated by the Court as a court holiday. (Ferrell Decl. ¶ 2 & Ex. 1.)  Thus, Defendant should not have set the instant Motion to be heard on a court holiday, which has apparently caused needless confusion about the

correct hearing date on Defendant's Motion and the time to file Plaintiff's Opposition and Defendant's Reply.

Second, the Court's Civil Standing Order entered in the instant action provides relevant guidance as to how the Court handles the aforementioned circumstances in which a selected hearing date falls on a court holiday by stating:

> "This Court hears civil motions on **Fridays, beginning at 2:00 pm.** *If Friday is a national holiday, motions will be heard on the next Friday*.… For all motions, if the hearing date selected is not available, the Court will issue a minute order continuing the date."

(Doc. 41 at 12:28-13:2; 13:6-8) (second emphasis added).  Given that November 24, 2023 was designated by the Court as a court holiday, Plaintiff anticipated that the Court would issue a minute order continuing the hearing date on Defendant's Motion consistent with the Court's Civil Standing Order.  (Ferrell Decl. ¶ 3.)  It is beyond dispute that the next Friday after November 24, 2023 is December 1, 2023.  Notably, as of the time that Defendant filed Defendant's Motion, December 1, 2023 was open for civil motions on Judge Sykes' Procedures and Schedules webpage on the Court's website.  (Ferrell Decl. ¶ 4.)  Thus, Plaintiff reasonably assumed that the Court would follow its Civil Standing Order filed in the instant action (and also posted on Court's website at this Court's webpage) by re-setting Defendant's Motion from November 24, 2023 to December 1, 2023.  (Ferrell Decl. ¶ 4.)

L.R. 7-11 provides in relevant part:

> "Unless the order for continuance shall specify otherwise, *the entry of an order continuing the hearing of a motion automatically extends the time for filing and serving opposing papers and reply papers to twenty-one (21) days and fourteen (14) days, respectively, preceding the new hearing date*."

(L.R. 7-11) (emphasis added).  Thus, Plaintiff reasonably assumed that the Court would issue an order continuing the hearing of Defendant's Motion, which would, in turn, automatically extend the time for filing and serving opposing and reply papers to 21

days and 14 days, respectively, preceding the new hearing date, unless the Court's order for continuance specified otherwise. (Ferrell Decl. ¶ 3.)

Assuming that Defendant's Motion would be re-set to December 1, 2023, as it should have, Plaintiff calendared Plaintiff's Opposition as arguably due at the earliest on November 9, 2023 under L.R. 7-9, which is precisely the date on which Plaintiff filed her Opposition papers.[1] (Doc. 64; Ferrell Decl. ¶ 5.)

Accordingly, Plaintiff submits that her Opposition papers should be treated as timely filed and served. Plaintiff believed under the circumstances that she was in full compliance of both the Local Rules and the Court's Civil Standing Order in calendaring the due date for her Opposition papers in response to Defendant's Motion.

Dated: November 19, 2023          PACIFIC TRIAL ATTORNEYS, P.C.

By: */s/ Scott J. Ferrell*
Scott. J. Ferrell
Attorney for Plaintiff

---

[1] November 10, 2023 was a court holiday, *i.e.*, observed as Veterans Day. (Ferrell Decl. ¶ 2 Ex. 1.) According to a leading treatise on federal civil procedure practice, "Where local rules measure time backwards from the hearing date, it is uncertain whether the FRCP 6(a)(3) extension until the 'next day' means the day preceding ***or the day following the legal holiday***. (For example, where local rules require service and filing of opposition papers 17 days before the hearing date, and that day is a Sunday, whether the 'next day' is the preceding Friday or the following Monday.) ***There is no known authority in point***." (The Rutter Group, Fed. Civ. Proc. Before Trial ¶ 12:102.7 (2023) (emphasis added and internal citation omitted). Thus, a reasonable argument can be made that if the Court had continued the hearing date on Defendant's Motion to December 1, 2023, then Plaintiff's Opposition would have been due on November 13, 2023. Nevertheless, Plaintiff erred on the side of caution and filed her Opposition on November 9, 2023, precisely to ensure that her Opposition would be timely filed and served.

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff, certifies that this brief contains 973 words, which complies with the word limit of L.R. 11-6.1.

Dated: November 19, 2023

                                        */s/ Scott J. Ferrell*
                                        Scott J. Ferrell