JS-6

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE CODY, individually and on behalf of all others similarly situated,<br><br>             Plaintiffs,<br><br>     v.<br><br>BOSCOV'S, INC.,<br><br>             Defendant. | Case No. 8:22-cv-01434-SSS-kkx<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT [Dkt. 63]** |

Before the Court is Defendant's motion to dismiss Plaintiff's third amended complaint [Dkt. 63; Mot. (Dkt. 63-1)]. The motion is fully briefed [Opp. (Dkt. 64); Reply (Dkt. 66)] and was taken under submission without a hearing.

The motion is **GRANTED**. Plaintiff's complaint is **DISMISSED WITHOUT LEAVE TO AMEND.**

## I. BACKGROUND

Defendant is a Pennsylvania corporation operating a chain of department stores. At some point in the year prior to Plaintiff's filing this complaint, she accessed Defendant's website using her smartphone and used Defendant's website's chat function. [Third Amended Compl. ("TAC") (Dkt. 61) at ¶ 36].

Plaintiff alleges that Defendant's chat function contains a code that embeds content from a different company, Kustomer. This code serves to intercept inquiries that customers send to Defendant, rerouting their inquiries to computer servers that Kustomer owns and controls. [TAC at ¶ 28]. Kustomer then stores and uses the customer information it has gathered for its own purposes. [TAC at ¶ 30, 31]. Plaintiff alleges that this "eavesdropping" occurs in real time and without the knowledge of customers visiting Defendant's website. [TAC at ¶ 35]. Plaintiff was at no point informed that the conversation was being recorded and used for commercial surveillance purposes without her consent. [TAC at ¶ 38, 39].

Plaintiff's operative complaint asserts two causes of action under Sections 631(a) and 632.7 of the California Invasion of Privacy Act ("CIPA"), both on behalf of herself and a putative class of similarly situated California consumers.

## II. LEGAL STANDARD

Fed. R. Civ. P. 8(a) provides that a "pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." The pleading that states a claim must state facts sufficient

to show that a claim for relief is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint need not include detailed factual allegations but must provide more than a "formulaic recitation of the elements of a cause of action." *Id*. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint or individual causes of action within it for failure to state a claim upon which relief may be granted.

In evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Any ambiguities must be resolved in favor of the pleader. *Walling v. Beverly Enters*., 476 F.2d 393, 396 (9th Cir. 1973). However, dismissal is appropriate where the court finds that plaintiff has not alleged a cognizable legal theory or does not provide sufficient facts to support that theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010); *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016).

In accordance with the Federal Rules' liberal pleadings standards, a claimant should be granted leave to amend its pleadings following a successful motion to dismiss unless the Court finds "undue delay, bad faith or dilatory motive on the part of the [nonmoving party], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of

amendment." *Sharkey v. O'Neal,* 778 F.3d 767, 774 (9th Cir. 2015), citing *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.  DISCUSSION

### A.   First Cause of Action under Section 631(a)

Section 631(a) of California's Penal Code imposes liability upon any entity that "by means of any machine, instrument, contrivance, or in any other manner":

> (1) "intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system," or
>
> (2) "willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state" or
>
> (3) "uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained," *or*
>
> (4) "who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section."

Plaintiff's third amended complaint does not clearly identify which of these four theories of liability Plaintiff intends to pursue against Defendant. However, because this Court previously dismissed with prejudice any claims asserting Defendant's direct liability under this statute [*see* Dkt. 47], it now

construes Plaintiff's first cause of action to allege only Defendant's liability for aiding and abetting unlawful conduct by Kustomer per Section 631(a)(4).

In order to sustain that claim, Plaintiff must adequately plead that Kustomer itself has engaged in conduct falling under one of the first three prongs of the statute. Here, the Court finds that she has failed to do so.

The first clause of Section 631(a) explicitly protects only communications that are made over a "telegraph or telephone wire, line, or cable." Here, Plaintiff alleges that she used her smart phone, which she describes as having "integrated computers to enable web browsing," to visit Defendant's website and conduct a brief conversation through the website chat feature. [TAC at ¶ 36]. Courts in this District have consistently held that use of a cell phone's web browser does not constitute a telephonic communication under the first clause of Section 631(a). *See Miguel Esparza v. Gen Digital Inc.*, No. 23-8223, 2024 WL 655986 at *4 (C.D. Cal. Jan. 16, 2024); *Valenzuela v. Super Bright LEDS Inc.*, No. 23-1148, 2023 WL 8424472 at *4 (C.D. Cal. Nov. 27, 2023); *Valenzuela v. Nationwide Mut. Ins. Co.*, No. 22-6177, 2023 WL 5266033 at *8 (C.D. Cal. Aug. 14, 2023); *Licea v. Cinmar, LLC*, 659 F. Supp. 3d 1096, 1112-3 (C.D. Cal. 2023). This Court agrees with the reasoning provided in the cited decisions and reaches the same conclusion here.

Because Plaintiff does not allege any qualifying form of telephonic communications between herself, Defendant, and/or Kustomer, she has not described any conduct in violation of Section 631(a)'s first clause.

With respect to the second clause, a plaintiff must allege the defendant "read or learned the contents of a communication *while the communication was in transit, or in the process of being sent or received.*" *Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1136 (E.D. Cal. 2021) (emphasis added); *see also Cinmar,* 659 F. Supp. 3d at 1109. To state a claim under this provision, a complaint must include sufficient facts to indicate that the communications were

1  "acquired during transmission," rather than "while [they are] in electronic
2  storage." *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002);
3  *see also NovelPoster v. Javitch Canfield Grp.*, 140 F. Supp. 3d 938, 954 (N.D.
4  Cal. 2024).

5   Here, Plaintiff alleges that (1) Kustomer has embedded code in
6  Defendant's website that "automatically acquires and transmits" to Kustomer
7  the contents of customer chats on Boscov's website, and that (2) Kustomer then
8  stores these communications on its own servers.  [TAC at ¶ 29-32].

9   Plaintiff's brief description of Kustomer's "secret code," however, does
10 not suggest that Kustomer necessarily uses that code to *intercept* customer
11 communications *while* they are in transit, rather than to store and store such
12 communications after they are received by Boscov's. *See Byars v. Hot Topic* (to
13 survive motion to dismiss, plaintiff must allege "how specifically the third-party
14 vendor 'intercepts' communications in transit, not just through accessing stored
15 files after a communication has concluded); *Super Bright LEDS Inc.*, 2023 WL
16 8424472 at *10.  The Court therefore concludes that Plaintiff's complaint does
17 not adequately describe conduct by Kustomer falling under the second prong of
18 Section 631(a).

19  Finally, the third prong of Section 631.7 requires a plaintiff to allege "that
20 the information at issue ... was obtained through a violation of the first or
21 second clauses [of Section 631(a)]." *In re Google Assistant Priv. Litig*., 457 F.
22 Supp. 3d 797, 827 (N.D. Cal. 2020). Because Plaintiff has failed to plead a
23 violation under the first or second clauses of Section 631(a), the allegations as to
24 this clause are also insufficient.

25  Because Plaintiff has not alleged any unlawful conduct by Kustomer, she
26 cannot proceed with her claim against Defendant for aiding and abetting
27 Kustomer.  The motion to dismiss is **GRANTED** as to Plaintiff's first cause of
28 action.

1    Because Plaintiff has already had an opportunity to amend, and because
2    her theory of liability is precluded as a matter of law on the facts of the
3    complaint, leave to amend Plaintiff's First Cause of Action is **DENIED**.

4    **B.     Second Cause of Action under Section 632.7**

5    Section 632.7 of California's Penal Code provides that:

> Every person who, without the consent of all of the parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone [is liable].

A litigant may prevail on her claim under Section 632.7 only if she can establish (1) that at least one party to the communication participated via cellular radio or cordless telephone and (2) that the other party, or parties, participated via cellular radio, cordless, or landline telephone. *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 688-89 (E.D. Cal. 2009).

Defendant concedes that Plaintiff has adequately alleged the first element of her Section 632.7 claim by stating that she used her smartphone (a type of cellular radio telephone) to access Defendant's chat. [TAC at ¶ 36]. The parties' dispute instead concerns what, if anything, Plaintiff must allege as to the second element.

Plaintiff suggests that she need not plead *any* facts regarding Defendant's use of a qualifying telephonic device in order to sustain her Section 632.7 claim. She relies on this Court's statement in its prior order "reject[ing] Defendant's argument that, because Plaintiff cannot allege that *both* parties were using a

qualifying telephone device to conduct the customer chats, Plaintiff's claim *necessarily* fails." [Dkt. 47 at 6].

Plaintiff is mistaken. The statute plainly requires a communication between two qualifying telephones, and there is no reason why Plaintiff would be excused from the ordinary requirement that she plead facts to support all essential elements of her Section 632.7 claim. The Court nevertheless acknowledges that its cited language is susceptible of Plaintiff's over-broad reading, and so takes this opportunity to clarify its meaning.

The Court maintains, consistent with its previous holding, that a litigant can indeed maintain a cause of action under Section 632.7 without identifying the exact type of "telephone" the defendant employed. However, it emphasizes that she may do so only as long as she pleads facts to support a reasonable inference that the defendant used some device that *could* constitute either a cell phone, cordless phone, or landline phone under the statute. *McCabe v. Six Continents Hotels, Inc.*, No. 12-04818, 2014 WL 465750 (N.D. Cal. Feb. 3, 2014); *see also Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 688 (E.D. Cal. 2009).

Here, Plaintiff's bare and conclusory allegation that "Defendant's chat communications from its website are transmitted to website visitors by either cellular telephony or landline telephony" [TAC at ¶ 37] does not allow the Court to reasonably infer that Defendant participated in the customer chats using any form of qualifying telephone. Defendant's motion to dismiss the Second Cause of Action is therefore **GRANTED**.

///
///
///
///
///

## IV. CONCLUSION

The Court **GRANTS** Defendant's motion as to both causes of action. [Dkt. 63]. Plaintiff is **DENIED** further leave to amend. The case is **DISMISSED** and Clerk of Court is **DIRECTED** to close the matter.

**IT IS SO ORDERED.**

Dated: May 6, 2024

SUNSHINE S. SYKES
United States District Judge